UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 12-1322 |
| ) | |
| RANDY PFISTER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Anthony Gay's ("Gay"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the § 2254 Petition [1] is DENIED.

**BACKGROUND AND PROCEDURAL HISTORY**

In 1994, Gay was convicted of robbery and sentenced to seven years' imprisonment. While incarcerated, he was charged in more than 12 separate cases of aggravated battery. The present habeas corpus addresses one of these cases, People v. Gay, No. 04-CF-24. Following a jury trial, Gay was convicted of two counts of aggravated battery in the Circuit Court for Livingston County, Illinois, after squirting Correctional Officers Francis Drnjevic and Dustin McGuire with a mixture of urine and feces using a toothpaste tube while incarcerated at Pontiac Correctional Center. He was sentenced to two concurrent eight year prison terms.

Gay pursued an appeal to the Illinois Appellate Court, arguing that his conviction was obtained in violation of his right to a speedy trial. His conviction and sentence were affirmed, and his request for a Petition for Leave to Appeal to the Illinois Supreme Court was denied.

Gay initiated an attempt to collaterally attack his sentence and conviction through a post-conviction petition pursuant to 725 ILCS 5/122-1 in the Circuit Court of Livingston County. This petition raised four claims: (1) the State violated his Fifth Amendment due process right by delaying his indictment; (2) the trial court denied him a fair trial by refusing to provide IPI-Crim. 4th 24-25.09X; (3) the trial court erred by denying his motion to dismiss based on Illinois' speedy trial statute; and (4) his counsel on direct appeal was ineffective for failing to raise these claims. The trial court denied the post-conviction petition. On appeal, the Illinois Appellate Court affirmed. His PLA to the Illinois Supreme Court was also denied.

Gay now brings this § 2254 petition, in which he raises essentially two claims: (1) the State's pre-indictment delay violated Due Process by circumventing his statutory speedy trial rights, and (2) his counsel on direct appeal was ineffective for failing to raise his speedy trial claim or challenge the trial court's refusal to provide IPI-Crim. 4th 24-25.09X. The State has filed is Answer to the § 2254 petition, and this Order follows.

## DISCUSSION

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and

fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case, Respondent does not argue that Gay has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869.  In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error.  Id. at 870 (internal quotation marks omitted).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong."  Id. at 871, 876-77.  Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved.  A petitioner must rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Here, Gay first claims that his due process rights were denied because the State's pre-indictment delay deprived him of his speedy trial rights by limiting the indictments to 2-4 counts at a time.  In addressing this claim on post-conviction appeal, the Illinois Appellate Court held the claim forfeited under Illinois procedural law for failure to raise it on direct appeal despite having had the opportunity to do so.  *See Woods v. Schwartz*, 589 F.3d 368, 376 (7th Cir. 2009).  Because he failed to present this claim according to Illinois procedural law, it was denied on an independent and adequate state-law ground and is procedurally defaulted on federal habeas review.

Defaulted claims may be reviewed only on a showing of cause and prejudice or if there has been a fundamental miscarriage of justice.  Here, Gay suggests that he received ineffective assistance of counsel on appeal, which could constitute cause for his procedural

default had it been raise through one complete round of state-court review. Additionally, he makes no valid attempt to either demonstrate prejudice or invoke the fundamental miscarriage of justice exception.

To properly invoke the narrow fundamental miscarriage of justice exception, allegations of constitutional error must be supported by new, reliable evidence that was not presented at trial. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 865 (1995). A petitioner must then show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 867-68; Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Gay makes no showing that he is actually innocent of the charges against him and presents no new, reliable evidence which was not presented at trial. Gay has therefore failed to excuse his procedural default, and this claim is also barred from further consideration in this Court.

Finally, Gay argues that he received ineffective assistance of counsel on appeal because counsel failed to challenge the trial court's refusal to provide jury instruction IPI-Crim. 4th 24-25.09X and raise the speedy trial issue identified above. The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690.

This claim was raised in some form on post-conviction review and on appeal from the denial of his post-conviction petition. After finding the underlying speedy trial claim to be meritless, the Appellate Court concluded that counsel was not ineffective for failing to pursue the claim. However, Gay did not include his ineffective assistance of counsel claim on this particular ground in his PLA to the Illinois Supreme Court, thereby defaulting this claim as well. He makes absolutely no effort to demonstrate cause for or prejudice from this omission or to properly invoke the fundamental miscarriage of justice exception. Accordingly, Gay has failed to excuse his default, and this claim is barred from further consideration in this federal habeas corpus proceeding.

Moreover, to the extent that he did preserve his claim of ineffective assistance for failing to raise a challenge to the tendered jury instruction, habeas relief cannot be granted unless the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1-2). The State Court applied the correct law in the form of *Strickland v. Washington* and did not do so unreasonably, as the tendered jury instruction was also plainly inapplicable on its face given the fact that the Petitioner provoked the altercation, as well as the complete lack of evidence of record that Gay had an opportunity to escape from an altercation once it had begun. As none of these criteria

have been met in this case, Gay is not entitled to the relief requested, and his §2254 petition must be denied.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability (CA), a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that any of Gay's habeas claims were not procedurally defaulted and unexcused. For the reasons stated above, a "plain procedural bar" exists because they were denied on an independent and adequate state law ground, and he did not present his ineffective assistance claim through one complete round of the state appellate process as required by the Supreme Court. O'Sullivan, 526 U.S. at 845. Accordingly, this Court will not issue Gay a certificate of appealability.

### CONCLUSION

For the reasons set forth herein, Gay's petition for writ of habeas corpus pursuant to § 2254 [1] is DENIED. This matter is now terminated.

ENTERED this 22nd day of May, 2013.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                Chief United States District Judge